IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MICHAEL E. TACCINO, SR.,**

        **Plaintiff,**

v.                                           **CIVIL ACTION NO. 3:22-CV-79**
                                                             **(GROH)**

**CHESSIE FEDERAL CREDIT UNION,**
**and SCOTT KLINE, President/CEO,**

        **Defendants.**

## ORDER AND OPINION

Pending before the Court is Defendants' Chessie Federal Credit Union and Scott Kline (collectively, "Defendants") Motion [ECF No. 7] for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e). For the following reasons, Defendants' Motion [ECF No. 7] for a More Definite Statement is DENIED.

### I. BACKGROUND

Plaintiff Michael E. Taccino, Sr. filed his pro se Complaint [ECF No. 1] on April 28, 2022, alleging that Defendants reported false credit information and wrongfully withheld available monetary funds. On May 17, 2022, Defendants filed their Motion [ECF No. 7] for a More Definite Statement, and Memorandum in Support [ECF No. 8], arguing that Plaintiff's Complaint is so vague that they are unable to prepare a response. Defendants request a court order requiring Plaintiff to amend his Complaint so that it includes the specific accounts and federal code sections at issue. On May 18, 2022, the Motion was referred to the undersigned. ECF No. 9.

## II.     LEGAL STANDARD

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) "must be read in conjunction with Rule 8," which requires that an affirmative pleading consist of "a short and plain statement of the claim showing that the pleader is entitled to relief." Hodgson v. Va. Baptist Hosp., Inc., 482 F.2d 821, 822 (4th Cir.1973); Fed. R. Civ. P. 8(a)(2).

Whether to grant a motion for a more definite statement is a matter "generally left to the district court's discretion." Hodgson, 482 F.2d at 824. However, "courts tend to disfavor motions for a more definite statement and only grant them if a defendant cannot frame a response to the complaint." Fid. Nat. Title Ins. Co. v. Radford, 2015 WL 1581678, at *2 (W.D. Va. Apr. 9, 2015). In practice, "motions for more definite statements under Rule 12(e) are intended for situations where pleadings are so unclear that drafting a response to them is practically impossible." 56th St. Invs. v. Worthington Cylinders Mississippi, 2013 WL 12133647, at *1 (E.D. Va. Dec. 3, 2013).

## III.     DISCUSSION

All Rule 8 requires is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard is not a demanding one. Moreover, because Plaintiff is a pro se litigant, his pleadings are accorded liberal construction and are held "to less stringent standards than formal pleadings drafted by lawyers." See Haines v. Kerner, 404 U.S. 519, 520 (1972); Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 72 (4th Cir. 2016).

Defendants argue that the Complaint should have stated which accounts are the subject of the suit as well as the specific code sections that Plaintiff claims Defendants have violated. And without this information, Defendants contend, Plaintiff's Complaint is too vague, rendering them unable to respond.

After an examination of this pro se Complaint, the Court concludes that Plaintiff has met the bare minimum pleading requirements of Rule 8. The Complaint, liberally construed, gives Defendants fair notice of the nature and basis of the claims asserted. Plaintiff has alleged, albeit generally, violations of the Fair Credit Reporting Act, 15 U.S.C. § 1581, and the Expedited Funds Act, 12 U.S.C. § 41.[1] His short and plain statements of his two claims give Defendants enough factual information to respond. In other words, Plaintiff's claims are not so vague or ambiguous as to render a response by Defendants practically impossible.

Any additional details omitted from this Complaint, such as the account numbers and specific code section violations, are the proper subject of discovery, not a motion for a more definite statement. See 56th St. Invs., 2013 WL 12133647, at *1 (stating that "Rule 12(e) motions are not a substitute for discovery, and ordinarily will not be granted where the information sought could be obtained in discovery").

### IV.   CONCLUSION

For all the above reasons, Defendants' Motion [ECF No. 7] for a More Definite Statement is **DENIED**. Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants shall file a responsive pleading within fourteen (14) days of this Order.

---

[1] As the Defendants point out in their Motion, Plaintiff erroneously cited the Fair Credit Reporting Act as "15 USC 1581," however, it is apparent to the Court (and Defendants) that Plaintiff meant "15 U.S.C. § 1681." Likewise, Plaintiff lists the "Expedited Funds Act" in the Complaint, which the Court notes is properly labeled as the "Expedited Funds Availability Act."

Any party may, within fourteen (14) days of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Fed. R. Civ. P. 72(a). A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. See 28 U.S.C. § 636(b)(1); Wright v. Collins, 766 F.2d 841, 845–48 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

The Court directs the Clerk of the Court to provide a copy of this Order to the pro se Plaintiff and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**Dated:** May 26, 2022

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE